**FILED**

JUL - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DISTRICT

ALICIA HASKELL,                               *

      Plaintiff,                        *

      v.                                *        Case: 1:07-cv-01208
                                              Assigned To : Collyer, Rosemary M.
UNITED STATES OF AMERICA,                     *        Assign. Date : 7/5/2007
                                              Description: PI/Malpractice
      Defendant.                        *

*JURY ACTION*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Currently pending before the Court is a Motion to Dismiss or to Transfer [7], filed by Defendant United States of America ("Defendant" or "Government"). Plaintiff Alicia Haskell ("Plaintiff" or "Haskell") filed a two-count Complaint for assault and battery against the Government. Venue for the Federal Tort Claims Act ("FTCA") is governed by 28 U.S.C. § 1402, which provides that "[a]ny civil action on a tort claim against the United States ... may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Plaintiff, a resident of Virginia, alleges that the action occurred in the District of Columbia. Furthermore, in her response to Defendant's motion to dismiss or transfer venue, Plaintiff indicated that the parties have agreed to transfer the above-captioned matter to the United States District Court for the District of Columbia, rather than dismissing the action. Therefore, the Court finds that Virginia or the District of Columbia are the only proper venues for this action.

Accordingly, IT IS this 2nd day of July, 2007, by the United States District Court for the District of Maryland, hereby **ORDERED**:

1.    That Defendant's Motion to Transfer [7], BE, and the same hereby, IS **GRANTED**;

2.  That Defendant's Motion to Dismiss [7], BE, and the same hereby, IS **DENIED-AS-MOOT**;

3.  That this case be transferred to the United States District Court for the District of Columbia;

4.  That the Clerk of the Court is directed to **CLOSE** this case; AND

5.  That the Clerk of the Court shall mail copies of this Order to counsel of record.

/s/

Alexander Williams, Jr.
United States District Judge

# U.S. District Court
## District of Maryland (Greenbelt)
## CIVIL DOCKET FOR CASE #: 8:07-cv-00043-AW
### Internal Use Only

Haskell v. United States of America
Assigned to: Judge Alexander Williams, Jr
Demand: $2,000,000
Cause: 28:2671 Federal Tort Claims Act

Date Filed: 01/05/2007
Jury Demand: Plaintiff
Nature of Suit: 320 Assault Libel &
Slander
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Alicia Haskell**

represented by **Larry Neal Burch**
Burch and Burch Rates LLC
7829 Belle Point Dr
Greenbelt, MD 20770
13014746448
Fax: 13014747559
Email: larry@burchandburchrates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Alan Wein**
Law Offices of Michael Wein
7829 Belle Point Dr
Greenbelt, MD 20770
13014411151
Fax: 13014747559
Email: weinlaw@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Spencer M Hecht**
Hecht and Associates
801 Wayne Ave Ste 400
Silver Spring, MD 20910
13015872099
Fax: 13015872044
Email: shecht@hechtassociates.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**United States of America**
*(Acting as Substitute Party on behalf of original defendant James Edgar Littlejohn, pursuant to 28 USC 2679(d)(1) Certification)*

represented by **Ariana Wright Arnold**
Office of the United States Attorney
36 S Charles St Fourth Fl
Baltimore, MD 21201
14102094883
Fax: 14109629947
Email: Ariana.Arnold@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2007 | 🔵1 | COMPLAINT against United States of America (Filing fee $ 350, receipt number: 84637007990), filed by Alicia Haskell. (Attachments: # 1 Civil Cover Sheet)(elt, Deputy Clerk) (Entered: 01/08/2007) |
| 01/05/2007 | 🔵 | Jury Trial Demand by Alicia Haskell. (elt, Deputy Clerk) (Entered: 01/08/2007) |
| 01/05/2007 | 🔵2 | Local Rule 103.3 Disclosure Statement by Alicia Haskell. (elt, Deputy Clerk) (Entered: 01/08/2007) |
| 01/08/2007 | 🔵3 | Correspondence re: CM/ECF warning letter mailed to counsel. (elt, Deputy Clerk) (Entered: 01/08/2007) |
| 01/08/2007 | 🔵4 | Correspondence re: ECF User Registration letter mailed to counsel. (c/m 1/8/07) (elt, Deputy Clerk) (Entered: 01/08/2007) |
| 01/08/2007 | 🔵5 | Summons Issued 60 days as to United States of America, U.S. Attorney and U.S. Attorney General (elt, Deputy Clerk) (Entered: 01/08/2007) |
| 04/30/2007 | 🔵6 | SUMMONS Returned Executed by Alicia Haskell. United States of America served on 4/27/2007, answer due 6/26/2007. (Wein, Michael) (Entered: 04/30/2007) |
| 06/13/2007 | 🔵7 | MOTION to Dismiss *or in the Alternative*, MOTION to Transfer Case by United States of America. Responses due by 7/2/2007 Responses due by 7/2/2007 (Attachments: # 1 Memo in Support# 2 Exhibit 1-DC Case Pacer Docket# 3 Exhibit 2-DC Case Order of Dismissal)(Arnold, Ariana) (Entered: 06/13/2007) |
| 07/02/2007 | 🔵8 | RESPONSE to Motion re 7 MOTION to Dismiss *or in the Alternative* MOTION to Transfer Case filed by Alicia Haskell.Replies due by 7/16/2007. (Hecht, Spencer) (Entered: 07/02/2007) |
| 07/02/2007 | 🔵9 | ORDER denying 7 Motion to Dismiss; granting 7 Motion to Transfer Case. Signed by Judge Alexander Williams Jr. on 07/02/2007. (elt, Deputy Clerk) (Entered: 07/02/2007) |

07/02/2007          ⬤  (Court only) ***Staff notes: Case electronically transferred to U.S. District
                        Court for the District of Columbia. (elt, Deputy Clerk) (Entered:
                        07/02/2007)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

ALICIA HASKELL                          :

       v.                              :          Case No.: AW07-43

UNITED STATES OF AMERICA                 :

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OR TRANSFER VENUE

COMES NOW, Plaintiff, Alicia Haskell (hereinafter "Plaintiff"), by and through

undersigned counsel, Spencer M. Hecht and Michael A. Wein, and respectfully responds to the

Government's Motion to Dismiss or Transfer the above-captioned matter. In support thereof,

Plaintiff states the following:

     1.      On or about January 5, 2007, Plaintiff filed the instant action seeking damages

under the Federal Tort Claims Act ("FTCA"). The Complaint alleged, inter alia, that on or about

December 4, 2004, Plaintiff was assaulted by a United States Park Police Officer in the Adams

Morgan section of the District of Columbia while acting within the scope of his employment.

     2.      While the United States Park Police Officer was a resident of Prince George's

County, Maryland at the time of the occurrence, all actions giving rise to the Complaint occurred

in the District of Columbia.

     3.      Pursuant to 28 U.S.C. §1402(b), an action filed in the United States District Court

under the FTCA may only be filed in the judicial district in which the Plaintiff resides or the

judicial district where the act or omission occurred. The purpose of §1402 is to protect the

plaintiff from abuse by the United States from forcing the plaintiff to litigate the controversy in

an inconvenient forum, not out of any concerns that would justify dismissal of the action. *See*

*Jones v. United States,* 407 F. Supp. 873 (N.D. Tex. 1976). Further, 28 U.S.C. §1402 is merely a

venue statute, is not jurisdictional, and is waivable by the Government. *Upchurch v. Piper Aircraft Corp.,* 736 F.2d 439 (CA8 S.Div. 1984); *Christopher v. United States,* 237 F. Supp. 787 (E.D. Pa. 1965).

4.    On June 28, 2007, undersigned counsel contacted counsel for the Government, and the parties have agreed that transfer of the above-captioned matter to the United States District Court for the District of Columbia is appropriate in light of the circumstances.

5.    28 U.S.C. §1404(a) provides in relevant part that "for the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer a civil action to any other district or division where it might have been brought. *Berry v. Soul Circus, Inc.* 189 F.Supp.2d (D.Md. 2002).

6.    While Rule 12(b)(3) does provide that a claim may be dismissed on the ground of improper venue, such relief was would particularly extraordinary in light of the parties' agreement to transfer the above-captioned matter to the District of Columbia.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests this Honorable Court transfer the above-captioned matter to the United States District Court for the District of Columbia.

Respectfully submitted,

HECHT & ASSOCIATES                                  LAW OFFICE OF MICHAEL WEIN


_____/s/_____                        _____/s/_____
Spencer M. Hecht (Bar #27144)                   Michael Wein (Bar #15950)
801 Wayne Avenue, Suite 400                     7829 Belle Point Drive
Silver Spring, Maryland 20910                   Greenbelt, Maryland 20770
P: (301) 587-2099                               P: (301) 441-1151
F: (301) 587-2044                               F: (301) 474-7559
shecht@hechtassociates.net                      weinlaw@hotmail.com
Counsel for Plaintiff                           Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of July, 2007, a copy of the foregoing

Response was electronically filed with notice to:

        Ariana Wright Arnold
        Assistant United States Attorney
        36 South Charles Street, 4th Floor
        Baltimore, Maryland 21201

                        /s/
                  Spencer M. Hecht

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALICIA HASKELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. AW-07-43 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS OR TO TRANSFER

Defendant, the United States of America, by its undersigned counsel, hereby moves, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss this action on the basis of improper venue. Or in the alternative, Defendant asks that the Court transfer this matter pursuant to 28 U.S.C. § 1402(b) and 28 U.S.C. § 1404(a) to the U.S. District Court for the District of Columbia. The grounds for this motion are more particularly set forth in the accompanying memorandum, which is incorporated herein.

WHEREFORE, the United States respectfully requests that this matter be DISMISSED, or in the alternative, that this action be TRANSFERRED to the United States District Court for the District of Columbia.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____/s/_____
Ariana Wright Arnold
Assistant United States Attorney
USDC Md Bar No. 23000
36 South Charles Street, 4th Fl.
Baltimore, Maryland 21201
Ph (410) 209-4800
Fx (410) 962-9947

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ALICIA HASKELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. AW-07-43 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

Defendant, the United States of America, by its undersigned counsel, submits this memorandum of law in support of its motion to transfer this action to the United States District Court for the District of Columbia.

### I.   INTRODUCTION

Plaintiff Alicia Haskell has filed an action seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680. In her Complaint, Plaintiff pleads counts for assault and battery based on an altercation with a Park Police Officer that took place on December 4, 2004, in the Adams-Morgan section of Washington D.C. (Complaint, ¶¶ 6-7). Plaintiff resides in Virginia. (Complaint, ¶ 1).   According to the Complaint, all events and occurrences giving rise to this cause of action took place within the District of Columbia. (Complaint, ¶¶ 6-12).

Plaintiff's Complaint fails to set forth statutory authority for venue in this Court. However, she notes that the Park Police officer whose actions are at issue is a resident of Prince George's County Maryland.

However, under 28 U.S.C. § 1402, and action filing in district court against the United States under the Federal Tort Claims Act *may only be filed* in the judicial district in which the Plaintiff resides, or in the judicial district where the act or omission occurred. 28 U.S.C. § 1402(b). Therefore, venue for this matter is proper only in Virginia, or the District of Columbia.

Moreover, under the FTCA, the law of the state where the incident occurs governs the action. Therefore, the substantive law of the District of Columbia will govern this action.

As the Plaintiff has not filed her Complaint in the proper venue, it should be dismissed. In the alternative, a transfer of this action to the District of Columbia pursuant to 28 U.S.C. § 1402(b) is warranted.

## II.    LEGAL STANDARDS

Rule 12(b)(3) provides that a claim may be dismissed on the grounds of "improper venue ." *See, e.g., Lipcon v. Underwriters at Lloyd's of London,* 148 F.3d 1285, 1290 (11th Cir.1998); *see also Argueta v. Banco Mexicano,* 87 F.3d 320, 324 (9th Cir.1996); *Frietsch v. Refco, Inc.,* 56 F.3d 825, 830 (7th Cir.1995).

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Berry v. Soul Circus, Inc.,* 189 F.Supp.2d 290 (D.Md. 2002).

Venue for FTCA actions is governed by 28 U.S.C. § 1402(b), which provides: "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

-2-

## III. **ARGUMENT**

Several factors strongly militate in favor of transferring this action to the District of Columbia: (1) that is where the events took place; (2) the District of Columbia's tort law will govern the action; and (3) this action was originally filed in the District of Columbia.

Venue in FTCA actions is governed by 28 U.S.C. § 1402(b), which provides: "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." The only two permissible venues for this action, therefore, are the judicial districts of Virginia and the District of Columbia. *See Dicken v. U.S.*, 862 F.Supp. 91 (D.Md.1994) (Messitte, J.). Venue is not proper in Maryland. Bartel v. F.A.A., 617 F.Supp. 190 (D.D.C. 1985) (venue in Federal Tort Claims Act suit was not proper in federal District Court for District of Columbia, where plaintiff was resident of Maryland, and none of alleged tortious acts took place in District).[1]

However, "[u]nder the FTCA, negligence claims are governed by the tort law of the state where the alleged wrongful act or omission occurred. 28 U.S.C. § 1346(b)." *Dicken,* 862 F. Supp. at 93-94; *accord Kerstetter v. United States*, 57 F.3d 362, 366 (4th Cir. 1995) (citing *Richards v. United States*, 369 U.S. 1 (1962)). Here, there is no dispute that the District of Columbia's substantive law must be applied.

Although the judges of the United States District Court for the District of Columbia are certainly no better qualified than this Court to apply the substantive tort law of the District of

---

[1]    While the Plaintiff's Complaint alleges that the Park Police Officer involved in the incident resides in Maryland, that fact is irrelevant in an FTCA case. The only proper defendant in an FTCA case is the United States. 28 U.S.C. §§ 1346(b) & 2679(b).

Columbia, they are undoubtedly more familiar with it, which is yet another consideration justifying transfer. *Lynch v. Vanderhoef Builders*, 237 F. Supp.2d 615, 618 (D. Md. 2002) (Nickerson, J.) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)) (noting public interest in having diversity cases tried in forum familiar with governing law); *accord Dicken*, 862 F. Supp. at 93-4 (both the court's familiarity with applicable law and its access to premises that might have to be viewed are factors weighed by the Court in considering where matter should be heard).

Another significant factor present in this case is the interest of justice in avoiding litigation in different federal courts. This case was originally filed in the Superior Court for the District of Columbia, against the Park Police officer individually. (Exh. 1, Docket, U.S. District Court for the District of Columbia, Case No. PLF-06-14). The matter was then removed to the U.S. District Court for the District of Columbia, and by agreement of the parties, the Court dismissed the action without prejudice. (Exh. 2, U.S. Distrct Court for the District of Columbia, Case No. PLF-06-14, Order of Dismissal). The fact that this matter has already been considered in the U.S. District Court for the District of Columbia provides further support for this Court's transfer of this action to that jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this matter be dismissed, as venue is improper pursuant to 28 U.S.C. § 1402(b), or in the alternative, that this action be transferred to the United States District Court for the District of Columbia.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____/s/_____
     Ariana Wright Arnold
     Assistant United States Attorney
     USDC Md Bar No. 23000
     36 South Charles Street, 4th Fl.
     Baltimore, Maryland 21201
     Ph (410) 209-4800
     Fx (410) 962-9947
     Ariana.Arnold@usdoj.gov

AO 440 (Rev. 10/93) [MD Rev. 02/2001] Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

Alicia Haskell

V.

United States of America.

**SUMMONS IN A CIVIL CASE**

CASE    AW 07 CV 0 043

TO: (Name and address of Defendant)

Office of the Attorney General
FTCA Staff
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael Wein, Esquire
7829 Belle Point Drive
Greenbelt, MD
20770

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**NOTICE - This case is subject to electronic filing.**
Information on electronic filing procedures and how to register to use the electronic filing system can be found at: www.mdd.uscourts.gov

Felicia C. Cannon
_____
CLERK

_Edith Tate_
(By) DEPUTY CLERK

01-08-2007
_____
DATE

AO 440 (Rev. 10/93) [MD Rev. 02/2001] Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

Alicia Haskell

V.

United States of America.

**SUMMONS IN A CIVIL CASE**

CASE    AW 07 CV 043

TO: (Name and address of Defendant)

Office of the Attorney General
FTCA Staff
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael Winn, Esquire
7829 Bello Point Drive
Greenhill, MD
20770

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

## NOTICE - This case is subject to electronic filing.
Information on electronic filing procedures and how to register to use the electronic filing system can be found at: www.mdd.uscourts.gov

Felicia C. Cannon                         01-08-2007
CLERK                                      DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) [MD Rev. 02/2001] Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

Alicia Haskell

V.

United States of America

**SUMMONS IN A CIVIL CASE**

CASE    AW 07 CV 0 043

TO: (Name and address of Defendant)

Rod Rosenstein
U.S. Attorney
36 S Charles Street, 4th Flo
Baltimore, MD   21201-3020

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael Ivan Esquire
78 24 Belle Point Drive
Greenbelt, MD  20770

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**NOTICE - This case is subject to electronic filing.**
Information on electronic filing procedures and how to register to use the electronic filing system can be found at:  www.mdd.uscourts.gov

Felicia C. Cannon

CLERK

(By) DEPUTY CLERK

01-08-2007

DATE

AO 440 (Rev. 10/93) [MD Rev. 02/2001] Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

*Alicia Haskell*

V.

*United States of America*

**SUMMONS IN A CIVIL CASE**

CASE

**AW 07 CV0 043**

TO: (Name and address of Defendant)

*Rod Rosenstein*
*U.S. Attorney*
*36 S Charles Street, 4th Floor*
*Baltimore, MD  21201-3020*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

*Michael Wen, Esquire*
*7824 Bello Point Drive*
*Greenbelt, MD  20770*

an answer to the complaint which is herewith served upon you, within _____**60**_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

### NOTICE - This case is subject to electronic filing.
Information on electronic filing procedures and how to register to use the electronic filing system can be found at: www.mdd.uscourts.gov

Felicia C. Cannon

CLERK

(By) DEPUTY CLERK

*01-08 2007*

DATE

# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
## DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk

Reply to Southern Division Address

Frances E. Kessler, Chief Deputy
Lisa Rosenthal, Chief Deputy

January 8, 2007

**Spencer M Hecht**
Hecht and Associates
8630 Fenton St Ste 822
SIlver Spring, MD 20910

RE:    Haskell v. United States of America
        AW-07-43

Dear Counsel:

The above-captioned case has been assigned the case number above. The case: [ XX ] is [   ] is not subject to this Court's electronic filing requirements and procedures. Our records show that:

[   ]    You are not a member in good standing of our bar. Your appearance has <u>not</u> been entered in this case and the Court will <u>not</u> send you copies of orders and other documents. Within ten (10) days from the date of this letter you must notify the chambers of the presiding judge whether you will be seeking admission or if another attorney will be entering an appearance. For information on how to become a member of our bar or to appear *pro hac vice*, please visit our web site at: www.mdd.uscourts.gov. If you were previously a member and have a question about your status you may contact one of our attorney admission specialists: Catherine Scaffidi at (301) 344-3220 or Tina Stavrou at (410) 962-3552. Once you have been admitted, you **should** register to use CM/ECF.

[ X ]    You are not a registered CM/ECF user. To register, go to the Court's web site: www.mdd.uscourts.gov and fill in the on-line registration form. Information about electronic filing procedures and requirements is available on the web site. Please note that if this case is subject to electronic filing, any documents submitted for filing in paper format may be returned to you. The Court does <u>not</u> mail paper copies of orders and other documents which are filed electronically.

Sincerely yours,
_____
/s/
Felicia C. Cannon, Clerk

cc:    All counsel/parties

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
## DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk

Frances E. Kessler, Chief Deputy
Lisa Rosenthal, Chief Deputy

January 8, 2007

Reply to Southern Division Address

**Michael Alan Wein**
Law Offices of Michael Wein
7829 Belle Point Dr
Greenbelt, MD 20770

Re:    Case No. AW-07-43

Dear Counsel/Party:

Your case was received in paper format on January 5, 2007.

[  ]    The document should have been filed electronically. It has been scanned and filed electronically by court staff.

[  ]    The document should have been filed electronically. It has been scanned and filed electronically by court staff. The original document is being returned to you. It is your responsibility to maintain the original until the expiration of any appeals or the time for taking an appeal. The original must be made available for inspection upon the request of any other party or the court.

[ X ]    Although you did provide diskette, the diskette was not formatted. The documents have been scanned and filed electronically by court staff.

[  ]    When filing a notice of removal <u>each</u> state court document must be scanned individually into separate PDF documents. Your documents were scanned into a single PDF. Court staff have re-scanned them so that they could be electronically filed.

All further filings in this case <u>must</u> be made in accordance with the policies and procedures of this Court on electronic filing. Those policies and procedures are available on the Court's web site: <u>www.mdd.uscourts.gov.</u>

If you are not a registered CM/ECF user, you should immediately register. Registration is available on-line on the Court's web site.

Please be advised that any future filings which are not made electronically may be returned to you.

Very truly yours,
_/s/_
Edith Tate
for
Felicia C. Cannon, Clerk

cc:    Other counsel/party
U.S. District Court (Rev. 6/14/2005) - Warning letter

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **Alicia Haskell vs. United States of America** | * | Case No. JAW-07-2643 |
|  | * |  |
|  | *** |  |

## DISCLOSURE OF CORPORATE INTEREST

*Check all that apply:*

[X] I certify, as party/counsel in this case that _____ Alicia Haskell

(name of party)

is not an affiliate or parent of any corporation, and no corporation, unincorporated association,

partnership or other business entity, not a party to the case, has a financial interest in the outcome of

this litigation as defined in Local Rule 103.3 (D. Md.).

[  ]  The following corporate affiliations exist with _____:

(name of party)

_____.

(names of affiliates)

[  ]  The following corporations, unincorporated associations, partnerships or other business

entities which are not parties may have a financial interest in the outcome of this litigation:


(names of entities with possible financial interests)

_____1/5/2007_____

**Date**

**Signature** *Mich P Wein*

*Printed Name- Michael Wein, Esquire*
*Bar Number-15950*


*Address-7829 Belle Point Drive*
*Greenbelt, MD 20770*


*Phone No.-301-441-1151*
*Fax No.-301-474-7559*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**ALICIA HASKELL**
6230 Rose Hill Drive, Apt 2A               *
Alexandria, Virginia 22310
                                            *
                    Plaintiff
                                            *

        v.
                                            *     Case No:  **AW 07 CV 0 043**

**UNITED STATES OF AMERICA**                *
(Acting as Substitute Party on behalf
of original defendant James Edgar           *
Littlejohn, pursuant to 28 U.S.C§ 2679 (d)(1)*
Certification)
                    Defendant               *

### COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Alicia Haskell, by and through her undersigned attorneys,

Larry N. Burch  & the *Law Offices of Burch and Burch-Rates, LLC.,* Michael Wein, and the

*Law Offices of Michael Wein,* Spencer M. Hecht, and the law firm of *Hecht and Associates,* and

for her Complaint against the Defendant, states as follows:

### The Parties

1.      Plaintiff, Alicia Haskell (hereinafter "Plaintiff"), is an adult who presently

resides in the State of Virginia.

2.      Defendant, the United States of America (hereinafter "Defendant") has

previously filed a Certification pursuant to the Federal Torts Claim Act, 28 U.S.C. §2679(d)(1),

wherein it certified that "James Edgar Littlejohn was acting within the scope of his employment

as an employee of the United States at the time of the incident out of which [Plaintiff's] claim

arose," thereby substituting the originally named defendant, John Edgar Littlejohn.

**Jurisdiction**

3.    This Honorable Court has personal jurisdiction over the Defendant pursuant to 28 U.S.C. §1346(b)(1) in that the United States of America is the named Defendant in the above-captioned matter.

4.    This Honorable Court has subject matter jurisdiction over the above-captioned matter pursuant to 28 U.S.C. §1331 in that a Federal Question exists under the laws of the United States, through the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*)

5.    James Edgar Littlejohn, acting within the scope of his employment of the United States, is a resident of Prince George's County, Maryland.

**Facts Common to All Counts**

6.    On or about December 4, 2004, at approximately 2:00 a.m., Plaintiff was walking with a group of her friends along 18th Street, N.W., in the Adams-Morgan section of Washington, D.C.

7.    As Plaintiff's group passed another group on 18th Street, N.W., a member or members of Plaintiff's group crossed paths with a member or members of the other group. Antagonistic words were exchanged between members of the two groups.

8.    While the two (2) groups were engaged in a verbal altercation, James Edgar Littlejohn, (hereinafter 'Littlejohn' or 'Officer Littlejohn'), a resident of Maryland, and an officer of the United States Park Police, identified himself to the groups as a police officer and displayed his badge. Littlejohn then, while acting under the scope of his employment, and without just cause or provocation, began spraying a canister of pepper spray into the crowd where the Plaintiff was located.

Page -2-

9.      The Plaintiff was sprayed in the face by Officer Littlejohn.  As the Plaintiff began to walk away from the crowd, still attempting to clear her eyes of the pepper spray, Officer Littlejohn grabbed Plaintiff from behind and pushed her to the ground. Officer Littlejohn restrained Plaintiff by holding her down on the ground with his knee pressed firmly against her back.

10.     Officer Littlejohn subsequently released Plaintiff and allowed her to stand upright.  As soon as Plaintiff got to her feet, Officer Littlejohn, without provocation or justification, slammed Plaintiff down onto the sidewalk pushing her from the back of the head.

11.     As a result of Officer Littlejohn pushing Plaintiff down to the sidewalk from the back of the head, Plaintiff struck the concrete sidewalk face first.  The impact knocked Plaintiff's upper front teeth out and caused her significant pain and other injuries.

12.     After Officer Littlejohn slammed Plaintiff to the concrete, he attempted to flee the scene before the District of Columbia Metropolitan police could respond.

13.     By letter dated July 7, 2006, the United States Department of the Interior, denied Plaintiff's request for compensation under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.,* noting that Plaintiff had the right to "file suit in an appropriate United States District Court no later than six months after the date of mailing this notification."

14.     Officer Littlejohn has since been indicted by the Office of the United States Attorney in the Superior Court for the District of Columbia for his actions and conduct towards Plaintiff.

## COUNT I
(Assault)

15.    Plaintiff incorporates by reference paragraphs 1-14 contained herein.

16.    Officer Littlejohn, acted with the intent and capability to do bodily harm to Plaintiff and his conduct was perpetrated with actual malice.

17.    The actions of Officer Littlejohn, caused Plaintiff to be put in reasonable apprehension of an imminent battery.

18.    As a direct and proximate result of Officer Littlejohn's actions and conduct, Plaintiff has suffered, and will continue to suffer, severe bodily injuries, including, but not limited to, the loss of multiple teeth, which caused her, and will continue to cause her, severe pain, emotional distress, and permanent disfigurement.

19.    As a direct and proximate result of Officer Littlejohn's actions and conduct, Plaintiff has suffered, and will continue to suffer, severe humiliation and embarrassment.

20.    As a direct and proximate result of Officer Littlejohn's actions and conduct, Plaintiff has incurred, and will continue to incur in the future, substantial sums of money for medical care, including substantial dental surgery, and other expenses.

WHEREFORE, for the foregoing reasons, Plaintiff, Alicia Haskell, respectfully requests this Honorable Court grant judgment in her favor, and against the Defendant, the United States of America, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs of this action.

## COUNT II
(Battery)

21.    Plaintiff incorporates by reference paragraphs 1-20 contained herein.

22.    The actions and conduct of Officer Littlejohn, constituted an intentional, unwanted, and offensive touching done without justification, and undertaken deliberately and with actual malice.

23.    Officer Littlejohn did assault and batter Plaintiff without legal cause or justification.

24.    As a direct and proximate result of Officer Littlejohn's actions and conduct, Plaintiff suffered severe humiliation and embarrassment.

25.    As a direct and proximate result of Officer Littlejohn's actions and conduct, Plaintiff has incurred, and will continue to incur in the future, substantial sums of money for medical care, including significant dental surgery, and other expenses.

WHEREFORE, for the foregoing reasons, Plaintiff, Alicia Haskell, respectfully requests this Honorable Court grant judgment in her favor and against the Defendant, the United States of America, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs of this action.

Respectfully submitted,

LAW OFFICES OF MICHAEL WEIN

_Michael Wein_
Michael Wein (Bar #15950)
7829 Belle Point Drive
Greenbelt, Maryland 20770
P: (301) 441-1151
F: (301) 474-7559
weinlaw@hotmail.com

HECHT & ASSOCIATES

_Spencer Hecht_
Spencer M. Hecht (Bar #27144)
8630 Fenton Street, Suite 822
Silver Spring, Maryland 20910
P: (301) 587-2099
F: (301) 587-4559
shecht@hechtassociates.net

LAW OFFICES OF BURCH & BURCH-RATES

_Larry Burch_
Larry Burch (Bar #13853)
7829 Belle Point Drive
Greenbelt, Maryland 20770
P: (301) 474-4468
F: (301) 474-7559
larry@burchandburchrates.com

Page -6-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**ALICIA HASKELL**
6230 Rose Hill Drive, Apt 2A       *
Alexandria, Virginia 22310

                         *

              Plaintiff

    v.                  *    Case No:  **AW 07 0V0 043**

**UNITED STATES OF AMERICA**   *
(Acting as Substitute Party on behalf
of original defendant James Edgar   *
Littleton, pursuant to 28 U.S.C. §2679 (d)(1)
Certification)                *
              Defendant

## JURY DEMAND

Plaintiff, Alicia Haskell, by and through undersigned counsel, hereby prays for a trial by jury on all issues.

Respectfully submitted,

LAW OFFICES OF MICHAEL WEIN          HECHT & ASSOCIATES

_____           _____
Michael Wein (Bar #15950)            Spencer M. Hecht (Bar #27144)
7829 Belle Point Drive                8630 Fenton Street, Suite 822
Greenbelt, Maryland 20770           Silver Spring, Maryland 20910
P: (301) 441-1151                   P: (301) 587-2099
F: (301) 474-7559                  F: (301) 587-4559
weinlaw@hotmail.com                shecht@hechtassociates.net

LAW OFFICES OF BURCH & BURCH-RATES

Larry Burch (Bar #13883)
7829 Belle Point Drive
Greenbelt, Maryland 20770
P: (301) 474-4468
F: (301) 474-7559
larry@burchandburchrates.com

IaJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

AW 07 CV0 043

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alicia Haskell

**(b)** County of Residence of First Listed Plaintiff   Arlington County, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

### DEFENDANTS
United States of America

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

*(stamped: U.S. DISTRICT COURT, MARYLAND, 2007 JAN -5 P 2: 25, CLERK AT GREENBELT, BY DEPUTY)*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
28 U.S.C. 2671 et. seq.
Brief description of cause:
Federal Tort Claims Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ 2,000,000.00     CHECK YES only if demanded in complaint:  JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE   01/05/2007

SIGNATURE OF ATTORNEY OF RECORD   *Robt F We___*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ATTACHMENT to CIVIL COVER SHEET I (c)

Michael Wein, Esquire
Belle Point Office Park
7829 Belle Point Drive
Greenbelt, Maryland 20770
P: (301) 441-1151
F: (301) 474-7559
weinlaw@hotmail.com
Bar Number 15950

Spencer M. Hecht, Esquire
8630 Fenton Street
Suite 822
Silver Spring, Maryland 20910
P: (301) 587-2099
F: (301) 587-4559
shecht@hechtassociates.net
Bar Number 27144

Larry N. Burch, Esquire
Belle Point Office Park
7829 Belle Point Drive
Greenbelt, Maryland 20770
P: (301) 474-4468
F: (301) 474-7559
larry@burchandburchrates.com
Bar Number 13853

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

ALICIA HASKELL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TR____

AT

Case: 1:07-cv-01208
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/5/2007
Description: PI/Malpractice

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☑ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☑ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ⊙ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

USDC DH (GREENBELT)

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☐ NO If yes, please complete related case form.

DATE 7.5.07    SIGNATURE OF ATTORNEY OF RECORD    NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd