IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALICIA HASKELL                      :

    v.                              :          Civil Action No.: 07-1208 (RMC)

UNITED STATES OF AMERICA            :

### JOINT RULE 16.3 STATUS REPORT

COMES NOW, the parties to the above-captioned matter, by and through their respective counsel, and pursuant to the Order for Initial Scheduling Conference, hereby submits this status report pursuant to Local Rule 16.3 and Fed.R.Civ.P. 26(f). In support thereof, the parties state the following:

#### Joint Statement of the Case

Plaintiff, Alicia Haskell (hereinafter "Plaintiff") seeks damages against the United States of America (hereinafter "Defendant") under the Federal Tort Claims Act arising from an assault and battery which Plaintiff alleges took place on December 4, 2004 between Plaintiff and a United States Park Police Officer in the Adams-Morgan section of the District of Columbia.

1.     <u>Potential of Resolving the Case with Dispositive Motions</u>: At this time, there are no dispositive motions pending. The Defendant believes that some portions of the case may be resolved by dispositive motion while the Plaintiff does not believe any claims will be resolved by dispositive motion.

2.     <u>Joinder/Amendments/Narrowing of Issues</u>: The parties do not anticipate joining any third-parties in this case and are aware of no facts at the present time which would require the pleadings to be amended. Moreover, the parties do not believe that the legal or factual issues can be narrowed any further at this time.

    3.    <u>Assignment to Magistrate Judge</u>:  The parties do not consent to the assignment of this case to a magistrate judge for any purpose.

    4.    <u>Possibility of Settlement</u>:  The parties believe that there is a realistic possibility of settling this case at the appropriate time.

    5.    <u>Alternative Dispute Procedures</u>:  The parties believe that the case could benefit from the Court's ADR process.  The Plaintiff wishes to pursue the ADR process after the completion of discovery (or a substantial portion thereof) while the Defendant wishes to pursue the ADR process prior to the commencement of discovery.  The Defendant therefore requests that the Court assign this case to a mediator or Magistrate Judge for a settlement conference at the upcoming scheduling conference.  Plaintiff objects to this request at this time.

    6.    <u>Summary Judgment Motions and Motions to Dismiss</u>:  The parties propose that any schedule for dispositive motions be deferred until after the parties have had an opportunity to pursue the Court's ADR procedures.  In the alternative, the parties propose the following schedule for dispositive motions in the event the Court is inclined to schedule deadlines at the upcoming scheduling conference:

    a. Dispositive Motions: 60 days after the close of discovery

    b. Oppositions:  30 days after service of dispositive motions

    c. Replies:  21 days after service of opposition

    7.    <u>Initial Disclosures</u>:  The parties propose that the initial disclosures authorized under Fed.R.Civ.P. (26)(a)(1) be due 45 days from the upcoming scheduling conference.

    8.    <u>Discovery</u>:  The parties anticipate standard discovery, i.e., interrogatories, requests for production of documents, requests for admissions, and depositions, and request that the discovery period last for approximately 6 months.  Plaintiff request that the Court set

discovery deadlines at the upcoming scheduling conference while Defendant requests that discovery be deferred until after ADR and a subsequent settlement conference. The parties agree to follow the Federal Rules of Civil Procedure with respect to the limits of discovery.

9. <u>Experts</u>: The parties propose that Plaintiff's expert(s) be designated no later than 60 days after the commencement of discovery, and that Defendant's expert(s) be designated 30 days thereafter. The parties further propose that Plaintiff's expert disclosures be served at least 60 days prior to the close of discovery, and that Defendant's expert disclosures be served within 30 days after service of Plaintiff's expert disclosures. The parties agree that the expert disclosures shall include a written report pursuant to Fed.R.Civ.P. 26(a)(2).

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need to bifurcate any portion of discovery or trial.

12. <u>Proposed Date for Pretrial Conference</u>: The parties propose that the pretrial conference be scheduled within 60 days after the Court rules on any post-discovery dispositive motions.

13. <u>Trial Date</u>: The parties propose setting a trial date at the pretrial conference.

14. <u>Other Matters</u>: None.

Respectfully submitted,

| HECHT & ASSOCIATES | LAW OFFICE OF MICHAEL WEIN |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Spencer M. Hecht (Bar #484059) | Michael Wein (Bar #15950 - MD) |
| 801 Wayne Avenue, Suite 400 | 7829 Belle Point Drive |
| Silver Spring, Maryland 20910 | Greenbelt, Maryland 20770 |
| Phone: (301) 587-2099, Fax (301) 587-2099 | P: (301) 441-1151, Fax (301) 474-7559 |
| shecht@hechtassociates.net | weinlaw@hotmail.com |
| Counsel for Plaintiff | Counsel for Plaintiff |

\_\_\_\_/s/_____

JEFFREY A. TAYLOR (D.C. Bar #498610)
United States Attorney

\_\_\_\_/s/_____

Rudolph Contreras (D.C. Bar #434122
Assistant United States Attorney

\_\_\_\_/s/_____

Robin M. Meriweather (D.C. Bar #490114)
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 514-7198, Fax: (202) 514-8780
Robin.meriweather2@usdoj.gov
Counsel for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of October 2007, a copy of the foregoing Joint Rule 16.3 Status Report was electronically filed with notice to:

> Robin M. Meriweather, Esq.
> Assistant United States Attorney
> 555 Fourth Street, N.W.
> Washington, D.C. 20530

_____/s/_____
Spencer M. Hecht